LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Blvd., Ste. 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE MORGAN, individually and as successor in interest to Carnell Snell, Jr., deceased, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF LOS ANGELES; LEOVARDO GUILLEN; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.  2:17-cv-06693 <br><br> **COMPLAINT FOR DAMAGES** <br> 1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983) <br> 2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983) <br> 3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983) <br> 4. Due Process—Interference with Familial Relationship (42 U.S.C. § 1983) <br> 5. Municipal Liability – Ratification (42 U.S.C. § 1983) <br> 6. Municipal Liability – Inadequate Training (42 U.S.C. § 1983) <br> 7. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983) <br> 8. False Arrest/False Imprisonment <br> 9. Battery (wrongful death) <br> 10. Negligence (wrongful death) <br> 11. Violation of Cal. Civil Code 52.1 <br><br> **DEMAND FOR JURY TRIAL** |

-0-

1  **COMPLAINT FOR DAMAGES**

2        COMES NOW, Plaintiff Monique Morgan, individually and as successor in

3  interest to Carnell Snell, Jr., deceased, for her Complaint against Defendants City of

4  Los Angeles, Leovardo Guillen, and DOES 1-10, inclusive, and alleges as follows:

5

6  **JURISDICTION AND VENUE**

7        1.        This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331

8  and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the

9  United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth

10  Amendments of the United States Constitution.  This Court has supplemental

11  jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. §

12  1367(a), because those claims are so related to the federal claims that they form part

13  of the same case or controversy under Article III of the United States Constitution.

14        2.        Venue is proper in this Court under 28 U.S.C. § 1391(b) because

15  Defendants reside in this district and all incidents, events, and occurrences giving

16  rise to this action occurred in this district.

17

18  **INTRODUCTION**

19        3.        This civil rights and state tort action seeks compensatory and punitive

20  damages from Defendants for violating various rights under the United States

21  Constitution and state law in connection with the fatal officer-involved shooting of

22  Plaintiff's son, Carnell Snell, Jr. ("DECEDENT"), on October 1, 2016.

23

24

25

26  //

27  //

28  //

# **PARTIES**

4.     At all relevant times, Carnell Snell, Jr. was an individual residing in the County of Los Angeles, California.

5.     Plaintiff MONIQUE MORGAN ("MORGAN") is an individual residing in the County of Los Angeles, California, and is the natural mother of DECEDENT.  MORGAN sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  MORGAN seeks both survival and wrongful death damages under federal and state law.

6.     At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued.  CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles Police Department and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the Los Angeles Police Department and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, CITY was the employer of Defendants LEOVARDO GUILLEN and DOES 1-10.

7.     Defendant LEOVARDO GUILLEN ("GUILLEN") is a police officer for the Los Angeles Police Department. GUILLEN was acting under color of law within the course and scope of his duties as an officer for the Los Angeles Police Department. GUILLEN was acting with the complete authority and ratification of his principal, Defendant CITY, when he shot and killed DECEDENT.

8.     Defendants DOES 1-5 ("DOE OFFICERS") are police officers for the Los Angeles Police Department. DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the Los Angeles Police

COMPLAINT FOR DAMAGES

Department. DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY. DOE OFFICERS were integral participants in the shooting and/or failed to intervene to prevent the shooting.

9.    Defendants DOES 6-8 are supervisory officers for the Los Angeles Police Department who were acting under color of law within the course and scope of their duties as police officers for the Los Angeles Police Department.  DOES 6-8 were acting with the complete authority and ratification of their principal, Defendant CITY.

10.    Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the Los Angeles Police Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the Los Angeles Police Department. DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

11.    On information and belief, DOES 1-10 were residents of the County of Los Angeles, California.

12.    In doing the acts and failing and omitting to act as hereinafter described, Defendants GUILLEN and DOE OFFICERS were acting on the implied and actual permission and consent of Defendants DOES 6-10.

13.    In doing the acts and failing and omitting to act as hereinafter described, Defendants GUILLEN and DOES 1-10 were acting on the implied and actual permission and consent of the CITY.

14.    The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named

1  Defendants is responsible in some manner for the conduct or liabilities alleged

2  herein.

3      15.    GUILLEN and DOES 1-10 are sued in their individual capacity.

4      16.    At all times mentioned herein, each and every defendant was the agent

5  of each and every other defendant and had the legal duty to oversee and supervise

6  the hiring, conduct, and employment of each and every defendant.

7      17.    All of the acts complained of herein by Plaintiff against Defendants

8  were done and performed by said Defendants by and through their authorized

9  agents, servants, and/or employees, all of whom at all relevant times herein were

10  acting within the course, purpose, and scope of said agency, service, and/or

11  employment capacity.  Moreover, Defendants and their agents ratified (or will

12  ratify) all of the acts complained of herein.

13      18.    On March 27, 2017, Plaintiff filed a comprehensive and timely claim

14  for damages with the City of Los Angeles pursuant to applicable sections of the

15  California Government Code.  On May 2, 2017, Plaintiff's claim was rejected.

16

17              **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

18      19.    Plaintiff repeats and re-alleges each and every allegation in

19  paragraphs 1 through 18 of her Complaint with the same force and effect as if fully

20  set forth herein.

21      20.    On October 1, 2016, at approximately 1:00 p.m., GUILLEN unjustly

22  shot and killed 18-year old Carnell Snell, Jr. ("DECEDENT"), thereby using

23  excessive force against him. The shooting occurred at or near the 1700 block of

24  West 107th Street, in the City of Los Angeles, California after GUILLEN and DOE

25  OFFICERS conducted or attempted to conduct a traffic stop on DECEDENT. A foot

26  pursuit ensued, and DECEDENT was shot in the back while he was running away

27  from the involved officers. DECEDENT was also shot in the right thigh and left

28

COMPLAINT FOR DAMAGES

forearm. On information and belief, DECEDENT had his hands up at the time of the shots.

21.     During the course of the incident, Defendants GUILLEN and DOE OFFICERS improperly detained DECEDENT and arrested him without probable cause.

22.     At the time of the shooting, DECEDENT did not pose an immediate risk of death or serious bodily injury to any person. On information and belief, Defendants GUILLEN and DOE OFFICERS did not issue a warning that deadly force would be used.

23.     After being shot, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment.  Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's injuries and death.

24.     The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting, including Defendants GUILLEN and DOE OFFICERS.

25.     Plaintiff MORGAN is DECEDENT's successor-in-interest as defined in Section 377.11 and succeeds to DECEDENT's interest in this action as the natural mother of DECEDENT.

COMPLAINT FOR DAMAGES

# **FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants GUILLEN and DOE OFFICERS)

26.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 25 of her Complaint with the same force and effect as if fully set forth herein.

27.     When Defendants GUILLEN and DOE OFFICERS conducted or attempted to conduct the traffic stop on DECEDENT, pointed their guns at DECEDENT, and then shot DECEDENT, they detained DECEDENT without reasonable suspicion and arrested him without probable cause.

28.     When Defendants GUILLEN and DOE OFFICERS pointed their guns at DECEDENT, shot DECEDENT, and placed him in handcuffs, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

29.     The conduct of Defendants GUILLEN and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendants GUILLEN and DOE OFFICERS.

30.     Each of DOE OFFICERS integrally participated or failed to intervene in the wrongful detention and arrest.

31.     As a result of their misconduct, Defendants GUILLEN and DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

32.     Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of

COMPLAINT FOR DAMAGES

1   DECEDENT's rights.  Plaintiff also seeks funeral and burial expenses and

2   attorney's fees under this claim.

3

4   **SECOND CLAIM FOR RELIEF**

5   **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

6   (Against Defendants GUILLEN and DOE OFFICERS)

7   33.    Plaintiff repeats and re-alleges each and every allegation in

8   paragraphs 1 through 32 of her Complaint with the same force and effect as if fully

9   set forth herein.

10   34.    GUILLEN unjustly shot and killed DECEDENT, thereby using

11   excessive force against him. DECEDENT was shot in the left back while he was

12   running away from the involved officers. DECEDENT was also shot in the right

13   thigh and left forearm. On information and belief, DECEDENT had his hands up at

14   the time of the shots.

15   35.    The shooting was excessive and unreasonable, particularly because

16   DECEDENT did not pose an immediate threat of death or serious bodily injury to

17   anyone, including GUILLEN and DOE OFFICERS, at the time of the shooting.

18   36.    GUILLEN'S shooting and use of force violated his training and

19   standard police training.

20   37.    GUILLEN'S unjustified shooting of DECEDENT deprived

21   DECEDENT of his right to be secure in his person against unreasonable searches

22   and seizures as guaranteed to DECEDENT under the Fourth Amendment to the

23   United States Constitution and applied to state actors by the Fourteenth Amendment.

24   38.    As a result of the foregoing, DECEDENT suffered great physical pain

25   and emotional distress up to the time of his death. DECEDENT eventually suffered

26   a loss of enjoyment of life, loss of life, and loss of earning capacity.

27   39.    The conduct of GUILLEN and DOE OFFICERS was willful, wanton,

28   malicious, and done with reckless disregard for the rights and safety of

-7-

1   DECEDENT, and therefore warrants the imposition of exemplary and punitive

2   damages as to GUILLEN and DOE OFFICERS.

3        40.    As a result of their misconduct, GUILLEN and DOE OFFICERS are

4   liable for DECEDENT's injuries, either because they were integral participants in

5   the shooting and other undiscovered uses of force, or because they failed to

6   intervene to prevent it.

7        41.    Plaintiff brings this claim as a successor-in-interest to DECEDENT,

8   and seeks both survival and wrongful death damages for the violation of

9   DECEDENT's rights.  Plaintiff also seeks funeral and burial expenses and

10   attorney's fees under this claim.

11

12   **THIRD CLAIM FOR RELIEF**

13   **Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

14   (Against Defendants GUILLEN and DOE OFFICERS)

15        42.    Plaintiff repeats and re-alleges each and every allegation in

16   paragraphs 1 through 41 of her Complaint with the same force and effect as if fully

17   set forth herein.

18        43.    The denial of medical care by GUILLEN and DOE OFFICERS

19   deprived DECEDENT of his right to be secure in his person against unreasonable

20   searches and seizures as guaranteed to DECEDENT under the Fourth Amendment

21   to the United States Constitution and applied to state actors by the Fourteenth

22   Amendment.

23        44.    As a result of the foregoing, DECEDENT suffered great physical pain

24   and emotional distress up to the time of his death, and also suffered loss of

25   enjoyment of life, loss of life, and loss of earning capacity.

26        45.    Defendants GUILLEN and DOE OFFICERS knew that failure to

27   provide timely medical treatment to DECEDENT could result in further significant

28

injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

46. The conduct of GUILLEN and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants and GUILLEN and DOE OFFICERS.

47. As a result of their misconduct, Defendants GUILLEN and DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants or because they failed to intervene to prevent these violations.

48. Plaintiff brings this claim as a successor-in-interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff also seeks funeral and burial expenses and attorney's fees under this claim.

## **FOURTH CLAIM FOR RELIEF**

**Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)**

(Against Defendants GUILLEN and DOE OFFICERS)

49. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 48 of her Complaint with the same force and effect as if fully set forth herein.

50. DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in DECEDENT's familial relationships.

51. Plaintiff MORGAN had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to

shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

52.     The aforementioned actions of GUILLEN and DOE OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

53.     GUILLEN and DOE OFFICERS thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with her familial relationship with DECEDENT, her son.

54.     As a direct and proximate cause of the acts of GUILLEN and DOE OFFICERS, Plaintiff has suffered emotional distress, mental anguish, and pain. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, guidance society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

55.     The conduct of GUILLEN and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to GUILLEN and DOE OFFICERS.

56.     Plaintiff seeks wrongful death damages under this claim in her individual capacity and also seeks survival damages for the violation of DECEDENT's due process right.  Plaintiff also seeks funeral and burial expenses and attorney's fees.

//

//

//

COMPLAINT FOR DAMAGES

**FIFTH CLAIM FOR RELIEF**

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 6-10)

57.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 56 of her Complaint with the same force and effect as if fully set forth herein.

58.     Defendants GUILLEN and DOE OFFICERS acted under color of law.

59.     The acts of GUILLEN and DOE OFFICERS deprived DECEDENT and Plaintiff of their particular rights under the United States Constitution.

60.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants GUILLEN and DOE OFFICERS, ratified (or will ratify) Defendants GUILLEN'S and DOE OFFICERS' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendants GUILLEN'S and DOE OFFICERS' acts. Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants GUILLEN and DOE OFFICERS were "within policy."

61.     On information and belief, Defendants GUILLEN and DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

62.     By reason of the aforementioned acts and omissions with regard to the shooting of DECEDENT, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

63.     Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

COMPLAINT FOR DAMAGES

64.     Plaintiff brings this claim as a successor in interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks attorney's fees under this claim.

## SIXTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 6-10)

65.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 64 of her Complaint with the same force and effect as if fully set forth herein.

66.     Defendants GUILLEN and DOE OFFICERS acted under color of law.

67.     The acts of Defendants GUILLEN and DOE OFFICERS deprived DECEDENT and Plaintiff of their particular rights under the United States Constitution.

68.     The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including with regard to the use of force and the use of deadly force.

69.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately.

70.     The failure of Defendant CITY to provide adequate training caused the deprivation of DECEDENT's and Plaintiff's rights by Defendants GUILLEN and DOE OFFICERS; that is, Defendant CITY's failure to train is so closely related to the deprivation of DECEDENT and Plaintiff's rights as to be the moving force that caused the ultimate injury.

71.     On information and belief, CITY failed to train GUILLEN and DOE OFFICERS properly and adequately.

72.     By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training,

guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

73.　Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

74.　Plaintiff brings this claim as successor in interest to DECEDENT, and seeks both survival and wrongful death damages under this claim.  Plaintiff also seeks attorney's fees under this claim.

## SEVENTH CLAIM FOR RELIEF

### Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)

(Against Defendants CITY and DOES 6-10)

75.　Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 74 of her Complaint with the same force and effect as if fully set forth herein.

76.　Defendants GUILLEN and DOE OFFICERS acted under color of law.

77.　Defendants GUILLEN and DOE OFFICERS acted pursuant either to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY.

78.　On information and belief, GUILLEN and DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

79.　Defendants CITY and DOES 6-10, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

　　(a)　Using excessive force, including excessive deadly force;

　　(b)　Providing inadequate training regarding the use of deadly force;

-13-

(c)   Employing and retaining as police officers individuals such as GUILLEN and DOE OFFICERS, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)   Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including GUILLEN and DOE OFFICERS, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)   Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers;

(f)   Failing to adequately discipline CITY officers, including GUILLEN and DOE OFFICERS, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)   Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h)   Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)   Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do

-14-

not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(j) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

80. The following cases are only a few examples of continued misconduct by police officers working for Defendant CITY. These examples demonstrate an unconstitutional custom, policy, and practice of using deadly force against unarmed civilians, and ratifying that use of deadly force and/or finding the use of deadly force to be justified or "within policy:"

(a) In *Contreras v. City of Los Angeles,* case number 2:11-cv-01480-SVW (SHx), the CITY argued that the use of deadly force against Mr. Contreras by LAPD officers was reasonable; a unanimous jury disagreed, awarding Mr. Contreras $5,700,000 after finding that the involved officers used excessive and unreasonable force when they shot an unarmed Mr. Contreras. Police reports confirmed that Mr. Contreras was unarmed. In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

(b) In *P.C., et al. v. City of Los Angeles,* case number 2:07-cv-03413-PLA, the CITY argued that the involved LAPD officers' use of force was reasonable; a unanimous jury disagreed,

-15-

1
2
3
4
5

awarding the plaintiffs $3,125,000 after finding that the involved officers' use of force was excessive and unreasonable. In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the use of force was justified and did not violate any CITY policy.

6
7
8
9
10
11
12
13
14

(c)   In *Ruvalcaba, et al. v. City of Los Angeles, et al.*, case number CV 12-06683-ODW (MANx), Defendant CITY argued that the use of deadly force against an unarmed woman with a history of mental illness (Carmen Ruvalcaba) by LAPD Officer Fernando Ortega was reasonable, however the CITY agreed to settle the case for $750,000. Officer Ortega was not disciplined or retrained for his use of deadly force, and the CITY found that the use of deadly force was justified and did not violate any CITY policy.

15
16
17
18
19
20
21

(d)   In *Pina v. City of Los Angeles,* case number 2:13-cv-04989-FMO (MRWx), Defendant CITY argued that the use of deadly force against Sergio Pina by LAPD officers was reasonable, however the CITY agreed to settle the case for $500,000. In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the use of deadly force was justified and did not violate any CITY policy.

22
23
24
25
26
27

(e)   In *Cano, et al. v. City of Los Angeles,* case number 2:15-cv-00333-JAK (Ex), the CITY argued that the use of deadly force against David Martinez by LAPD officers was reasonable, however the CITY agreed to settle the case. Police reports confirmed that Mr. Martinez was unarmed. In that case, the involved officers were not disciplined or retrained for their use of

28

1                  deadly force, and the CITY found that the use of deadly force

2                  was justified and did not violate any CITY policy.

3       81.      The aforementioned unconstitutional customs, practices, and policies,

4 in addition to the ratification of the deficient customs, practices, and policies, are

5 evidenced by the number of prior cases involving the use of deadly force against an

6 unarmed person by an officer working for the LAPD.

7       82.      By reason of the aforementioned acts and omissions with regard to the

8 shooting of DECEDENT, Plaintiff has suffered loss of the love, companionship,

9 affection, comfort, care, society, training, guidance, and past and future support of

10 DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's

11 pain and suffering, loss of enjoyment of life, and death.

12       83.      Defendants CITY and DOES 6-10, together with various other

13 officials, whether named or unnamed, had either actual or constructive knowledge

14 of the deficient policies, practices and customs alleged in the paragraphs above.

15 Despite having knowledge as stated above, these defendants condoned, tolerated and

16 through actions and inactions thereby ratified such policies.  Said defendants also

17 acted with deliberate indifference to the foreseeable effects and consequences of

18 these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and

19 other individuals similarly situated.

20       84.      By perpetrating, sanctioning, tolerating and ratifying the outrageous

21 conduct and other wrongful acts, DOES 6-10 acted with intentional, reckless, and

22 callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiff's

23 constitutional rights. Furthermore, the policies, practices, and customs implemented,

24 maintained, and still tolerated by Defendants CITY and DOES 6-10 were

25 affirmatively linked to and were a significantly influential force behind the injuries

26 of DECEDENT and Plaintiff.

27       85.      Accordingly, Defendants CITY and DOES 6-10 each are liable to

28 Plaintiff for compensatory damages under 42 U.S.C. § 1983.

86.     Plaintiff brings her claim individually and as a successor in interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks attorney's fees under this claim.

## EIGHTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

(Against Defendants CITY, GUILLEN, and DOE OFFICERS)

87.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 86 of her Complaint with the same force and effect as if fully set forth herein.

88.     GUILLEN and DOE OFFICERS, while working as police officers for the Los Angeles Police Department and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  GUILLEN and DOE OFFICERS detained DECEDENT without reasonable suspicion and arrested him without probable cause for an appreciable amount of time. DECEDENT did not knowingly or voluntarily consent to the detention/false arrest/false imprisonment.

89.     The conduct of GUILLEN and DOE OFFICERS was a substantial factor in causing the harm to DECEDENT.

90.     Defendant CITY is vicariously liable for the wrongful acts of GUILLEN and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

91.     As a result of their misconduct, Defendants GUILLEN and DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral

1  participants in the wrongful detention and arrest, or because they failed to intervene

2  to prevent it.

3        92.    The conduct of GUILLEN and DOE OFFICERS was malicious,

4  wanton, oppressive, and accomplished with a conscious disregard for the rights of

5  DECEDENT, entitling Plaintiff to an award of exemplary and punitive damages.

6        93.    Plaintiff brings her claim individually and as a successor in interest to

7  DECEDENT, and seeks both survival and wrongful death damages under this claim.

8  Plaintiff also seeks funeral and burial expenses and attorney's fees under this claim.

9

10                      **SEVENTH CLAIM FOR RELIEF**

11                              **Battery**

12                          (Wrongful Death)

13            (Against Defendants CITY, GUILLEN, and DOE OFFICERS)

14        94.    Plaintiff repeats and re-alleges each and every allegation in

15  paragraphs 1 through 93 of her Complaint with the same force and effect as if fully

16  set forth herein.

17        95.    GUILLEN and DOE OFFICERS, while working as police officers or

18  sergeants for the Los Angeles Police Department, and acting within the course and

19  scope of their employment with the CITY, intentionally shot DECEDENT multiple

20  times, including in the back while DECEDENT was running away, thereby using

21  unreasonable and excessive force against him. At the time of the shots, DECEDENT

22  had his hands up and did not pose an immediate threat of death or serious bodily

23  injury to anyone, including GUILLEN and DOE OFFICERS.

24        96.    As a result of the actions of GUILLEN and DOE OFFICERS,

25  DECEDENT suffered severe pain and suffering and ultimately died from his

26  injuries.  GUILLEN and DOE OFFICERS had no legal justification for using force

27  against DECEDENT, and their use of force while carrying out their duties as

28  officers for the CITY was an unreasonable and non-privileged use of force.

97.     As a result of their misconduct, GUILLEN and DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the shooting, or because they failed to intervene to prevent these violations.

98.     As a direct and proximate result of the conduct of GUILLEN and DOE OFFICERS as alleged above, DECEDENT sustained injuries, endured pain and suffering, eventually died from his injuries, and also lost his earning capacity.

99.     The CITY is vicariously liable for the wrongful acts of Defendants GUILLEN and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

100.    The conduct of GUILLEN and DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiff, individually and as a successor-in-interest to DECEDENT, to an award of exemplary and punitive damages as to DOE OFFICERS.

101.    Plaintiff brings her claim individually and as a successor in interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks attorney's fees under this claim.

## EIGHTH CLAIM FOR RELIEF

### Negligence

### (Wrongful Death)

### (Against all Defendants)

102.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 101 of her Complaint with the same force and effect as if fully set forth herein.

COMPLAINT FOR DAMAGES

1      103.   Police Officers, including Defendants GUILLEN and DOES 1-10, have

2  a duty to use reasonable care to prevent harm or injury to others. This duty includes

3  using appropriate tactics, giving appropriate commands, giving warnings, and not

4  using any force unless necessary, using less than lethal options, and only using

5  deadly force as a last resort. Defendants GUILLEN and DOES 1-10 breached this

6  duty of care.  The actions and inactions of Defendants GUILLEN and DOES 1-10

7  were negligent and reckless, including but not limited to:

8             (a)    As to GUILLEN and DOE OFFICERS, the failure to properly

9                    and adequately assess the need to detain, arrest, and use force or

10                   deadly force against DECEDENT;

11            (b)    As to GUILLEN and DOE OFFICERS, the negligent tactics and

12                   handling of the situation with DECEDENT, including pre-

13                   shooting negligence;

14            (c)    As to GUILLEN and DOE OFFICERS, the negligent detention,

15                   arrest, and use of force, including deadly force, against

16                   DECEDENT;

17            (d)    As to GUILLEN and DOE OFFICERS, the failure to provide

18                   prompt medical care to DECEDENT;

19            (e)    As to DOES 6-10, the failure to properly train and supervise

20                   employees, both professional and non-professional, including

21                   GUILLEN and DOE OFFICERS;

22            (f)    As to DOES 6-10, the failure to ensure that adequate numbers of

23                   employees with appropriate education and training were

24                   available to meet the needs of and protect the rights of

25                   DECEDENT;

26            (g)    As to GUILLEN and DOES 1-10, the negligent handling of

27                   evidence and witnesses; and

28

1          (h)    As to GUILLEN and DOES 1-10, the negligent communication

2                 of information during the incident.

3      104.   As a direct and proximate result of Defendants' conduct as alleged

4 above, and other undiscovered negligent conduct, DECEDENT was caused to suffer

5 severe pain and suffering and ultimately died.  Also as a direct and proximate result

6 of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and

7 mental anguish.  Plaintiff also has been deprived of the life-long love,

8 companionship, comfort, support, society, care and sustenance of DECEDENT, and

9 will continue to be so deprived for the remainder of her natural life.

10     105.   The CITY is vicariously liable for the wrongful acts of Defendants

11 GUILLEN and DOE OFFICERS pursuant to section 815.2(a) of the California

12 Government Code, which provides that a public entity is liable for the injuries

13 caused by its employees within the scope of the employment if the employee's act

14 would subject him or her to liability.

15     106.   Plaintiff seeks wrongful death damages under this claim in her

16 individual capacity. Plaintiff also seeks survival damages as a successor-in-interest

17 to DECEDENT.

18                    **NINTH CLAIM FOR RELIEF**

19                **(Violation of Cal. Civil Code § 52.1)**

20                     (Against all Defendants)

21     107.   Plaintiff repeats and re-alleges each and every allegation in

22 paragraphs 1 through 106 of her Complaint with the same force and effect as if fully

23 set forth herein.

24     108.   California Civil Code, Section 52.1 (the Bane Act), prohibits any

25 person from using violent acts or threatening to commit violent acts in retaliation

26 against another person for exercising that person's constitutional rights. Moreover,

27 "a successful claim for excessive force under the Fourth Amendment provides the

28 basis for a successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751

-22-

1  F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022

2  (9th Cir. 2013) ("[T]he elements of the excessive force claim under § 52.1 are the

3  same as under § 1983."); *Bender v. Cnty. of L.A.*, 217 Cal. App. 4th 968, 976 (2013)

4  ("an unlawful [seizure]—when accompanied by unnecessary, deliberate and

5  excessive force—is [] within the protection of the Bane Act").

6       109.  On information and belief, Defendants GUILLEN and DOE

7  OFFICERS, while working for the CITY and acting within the course and scope of

8  their duties, intentionally committed and attempted to commit acts of violence

9  against DECEDENT, including by shooting him without justification or excuse, by

10  integrally participating and failing to intervene in the above violence, and by

11  denying DECEDENT necessary medical care. GUILLEN and DOE OFFICERS

12  coerced, intimidated, and threatened DECEDENT, including by pursuing him on

13  foot and shooting DECEDENT in the back while he was running away. It was not

14  necessary for GUILLEN and/or DOE OFFICERS to shoot DECEDENT in order to

15  take him into custody, such that the use of force was independent from the

16  unreasonable detention and arrest.

17       110.  When Defendants GUILLEN and DOE OFFICERS wrongfully

18  detained DECEDENT and then shot DECEDENT in the back while he was running

19  away, they interfered with his civil rights to be free from unreasonable searches and

20  seizures, to due process, to equal protection of the laws, to medical care, to be free

21  from state actions that shock the conscience, and to life, liberty, and property.  This

22  also violated DECEDENT's freedom of speech.

23       111.  On information and belief, Defendants intentionally and spitefully

24  committed the above acts to discourage DECEDENT from exercising his civil

25  rights, to retaliate against him for invoking such rights, or to prevent him from

26  exercising such rights, which he was fully entitled to enjoy.

27       112.  On information and belief, DECEDENT reasonably believed and

28  understood that the violent acts committed by Defendants GUILLEN and DOE

-23-

OFFICERS were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

113. Defendants successfully interfered with the above civil rights of DECEDENT and Plaintiff.

114. The conduct of Defendants GUILLEN and DOE OFFICERS was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

115. The CITY is vicariously liable for the wrongful acts of Defendants GUILLEN and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

116. Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

117. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiff's rights, justifying an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

118. Plaintiff seeks wrongful death damages under this claim in her individual capacity. Plaintiff also seeks survival damages as a successor-in-interest to DECEDENT. Plaintiff also seeks attorney's fees under this claim.

1

## **PRAYER FOR RELIEF**

2        WHEREFORE, Plaintiff MONIQUE MORGAN requests entry of judgment

3   in her favor and against Defendants CITY of Los Angeles, LEOVARDO

4   GUILLEN, and DOES 1-10, inclusive, as follows:

5              A.     For compensatory damages, including both survival damages and

6                     wrongful death damages under federal and state law, in the

7                     amount to be proven at trial;

8              B.     For funeral and burial expenses, and loss of financial support;

9              C.     For punitive damages against the individual defendants in an

10                     amount to be proven at trial;

11             D.     For interest;

12             E.     For reasonable attorneys' fees, including litigation expenses;

13             F.     For costs of suit; and

14             G.     For such further other relief as the Court may deem just, proper,

15                     and appropriate.

16

17   DATED:  September 11, 2017        LAW OFFICES OF DALE K. GALIPO

18

19                              By_____ */s/ Renee V. Masongsong*_____

20                                   Dale K. Galipo
                                     Renee V. Masongsong
                                     Attorneys for Plaintiff

21

22

23

24

25

26

27

28

-25-

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2        Plaintiff hereby demands a trial by jury.

3

4   DATED:  September 11, 2017        LAW OFFICES OF DALE K. GALIPO

5

6                                      By_____/s/ Renee V. Masongsong_____
                                         Dale K. Galipo
7                                        Renee V. Masongsong
                                         Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES